TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00731-CV







Raymond Hasker, James Bryant and Juanita Fineran, Appellants



v.



Public Utility Commission; Central Power & Light Company; and Office of 


Public Utility Counsel, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 126TH JUDICIAL DISTRICT


NO. 94-12236, HONORABLE PAUL R. DAVIS, JR., JUDGE PRESIDING








 Raymond F. Hasker, James O. Bryant, and Juanita Fineran appeal from a district-court judgment that dismisses for want of jurisdiction their action against the Public Utility
Commission of Texas in which Central Power & Light Company and the Office of Public Utility
Counsel intervened. We will affirm the district-court judgment.



THE CONTROVERSY


 Central Power and Light Company ("the Company") initiated in the Commission
a contested case to review de novo a rate ordinance adopted by the City of Corpus Christi. See
Public Utility Regulatory Act of 1995, 74th Leg., R.S., ch. 9, §§ 3, 4, 1995 Tex. Sess. Law
Serv. 31, 87-88 (West) ("PURA"). The case was consolidated with other contested cases pending
in the Commission. Bryant and Hasker were parties in the consolidated case. Hasker moved that the Commission set interim rates to be effective until the Commission's final decision. 
In an order dated September 6, 1994, the Commission declined to do so. (1)

 On September 29, 1994, Hasker, Bryant, and Fineran ("appellants") sued the
Commission in district court for declaratory and injunctive relief compelling the Commission to
set interim rates and to order the Company immediately to refund to its ratepayers sums calculated
on the basis of the Corpus Christi rate ordinance. The Company and the Office of Public Utility
Counsel intervened. After hearing, the district court dismissed the suit for want of subject-matter
jurisdiction, based on pleas to the jurisdiction and requests for dismissal contained in the pleadings
of the Commission and the Company.



DISCUSSION AND HOLDINGS


 In their first point of error, appellants contend the trial court erred because the
pleas to the jurisdiction were "so faulty and general that the granting of [them] was an error."

 The Commission's plea averred that PURA sections 85, 69, and 70, cited in
appellants' petition as grounds for jurisdiction, did not give the district court "jurisdiction to
consider or enjoin an interim order." The Company's plea averred the district court lacked
jurisdiction because appellants "have not exhausted their administrative remedies [and the]
Commission has not issued a final order in the proceedings." Appellants did not file special
exceptions to these pleadings; rather, appellants joined issue in a six-page response on the question
of district-court jurisdiction, raising many of the same arguments as are raised on appeal. We
hold the pleas to the jurisdiction sufficient to give fair notice; if we are mistaken in that regard,
we hold any error was waived. See Tex. R. Civ. P. 45(b), 90.

 In their second point of error, appellants complain the trial court erred because
"Texas courts have jurisdiction to issue writs of mandamus to an administrative agency when that
agency's proceedings deprive parties of their Constitutional rights to due process" of law. 
Appellants did not sue for mandamus relief. We shall, in the interests of justice, consider the
point of error to be a complaint that the trial court erred because the district court had subject-matter jurisdiction to enjoin an administrative agency to act or refrain from acting, before
completion of the administrative proceeding, in order to prevent a violation of constitutional rights
for which there would otherwise be no remedy. See Public Util. Comm'n v. Pedernales Elec.
Coop., Inc., 678 S.W.2d 214, 218-24 (Tex. App.--Austin 1984, writ ref'd n.r.e.); 73A C.J.S.
Public Administrative Law and Procedure § 205, at 240-43 (1983). This is a qualification of the
general rule under which trial-court jurisdiction is ordinarily limited to the review of final agency
decisions. See, e.g., Texas Administrative Procedure Act ("APA"), Tex. Gov't Code Ann.
§ 2001.171 (West 1995) ("A person who has exhausted all administrative remedies within a state
agency and who is aggrieved by a final decision in a contested case is entitled to judicial
review."); 73A C.J.S., supra, § 205, at 240-42; see also City of Corpus Christi v. Public Util.
Comm'n, 572 S.W.2d 290, 299-300 (Tex. 1978).

 Appellants base their substantive due-process claim on the fact that as much as ten
percent of the Company's customers may move from its service area before final rates are set by
the Commission; thus those customers will not receive any refund should one ultimately be
ordered. We reject the theory. The Commission does not set utility rates on a customer-by-customer basis. No person has a vested right to any particular system of utility rates, but only
a right shared with others in whatever legal or official rates the Commission may finally establish,
after completion of the prescribed statutory procedures, as being "just, fair and reasonable." 
PURA § 18; see Lopez v. Public Util. Comm'n, 816 S.W.2d 776, 783 (Tex. App.--Austin 1991,
writ denied); Southwestern Bell Tel. Co. v. Public Util. Comm'n, 615 S.W.2d 947, 957 (Tex.
Civ. App.--Austin 1981, writ ref'd n.r.e.). Consequently, utility customers cannot be
unconstitutionally deprived of property on the theory argued. Moreover, the movement of
customers in and out of a service area while a rate case is pending is merely an ordinary incident
of ratemaking; the "lag" occurring while the rate case is in progress in the Commission may result
in a "loss" to some and a gain by others. "[R]ate making for utilities is not an exact science." 
Pedernales Elec. Coop., 678 S.W.2d at 223. We overrule appellants' second point of error.

 In their third point of error, appellants contend the trial court had subject-matter
jurisdiction because "Texas courts have jurisdiction to issue writs of mandamus to an
administrative agency when that agency's actions are inconsistent with a mandate of the statute
creating the agency." Appellants argue that PURA section 26(g)(3) sets time limits within which
the Commission must set interim rates in cases like the present if the agency does not sooner make
a final decision. They argue further that the provisions of section 26(g)(3) are designed to avoid
deprivations of property without due process of law resulting from regulatory lag. In this
connection, we refer to our discussion above. 

 In the interests of justice, we will consider appellants' contention to be a claim
within another qualification of the general rule limiting trial-court jurisdiction to the final orders of administrative agencies: a court may intervene by mandatory injunction when an administrative
body disregards a clear legal duty to perform a ministerial act, where irreparable harm would
otherwise result. 73A C.J.S., supra § 205, at 245; see Pedernales Elec. Coop., 678 S.W.2d at
220.

 PURA section 26(g)(3) provides as follows:



The Commission shall hear such appeal de novo . . . and shall fix such rates as the
municipality should have fixed in the ordinance from which the appeal was taken. 
In the event the Commission fails to enter its final order: . . . (3) . . . within 185
days from the date such appeal is perfected, the schedule of rates proposed by the
utility shall be deemed to have been approved by the commission and effective
upon the expiration of said applicable record.



PURA § 26(g)(3) (emphasis added). This section obviously does not impose upon the
Commission a ministerial duty to adopt a schedule of interim rates other than that proposed by the
utility. The Company's schedule of proposed rates is not the schedule or rates appellants wish
imposed. They point to no other statute imposing upon the Commission a ministerial duty of any
kind. We overrule the point of error.

 Finding no error, we affirm the judgment below.


 

 John Powers, Justice

Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: June 21, 1995

Do Not Publish
1.   All parties in the contested case apparently agreed to waive interim rates and to maintain
in effect the Company's existing rates pending a final agency decision. However, the agreement
contained a provision that the Company would refund any savings to the customers, backdated to
the time of original filing, if the Commission ultimately ordered a rate reduction.